IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APEXCO PPSI, LLC, et al.,[1]<br><br>Plaintiffs/Petitioners,<br><br>v.<br><br>WILLEM DE HERDT, et al.,<br><br>Defendants/Respondents. | CIVIL ACTION<br><br>NO. 19-5989-KSM |

### MEMORANDUM

**MARSTON, J.**                                                                                                                April 27, 2021

Before this Court is Defendants Willem De Herdt and Frieda Van Osta's Motion to Dismiss Plaintiffs Hamburg, Rubin, Mullin, Maxwell & Lupin, PC ("HRMML") and Andrew Grau's Petition or, In The Alternative, Quash Service of Process pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).  (Doc. No. 4.)  Plaintiffs filed a response in opposition arguing service was proper but did not address Defendants' arguments regarding the insufficiency of process.  (Doc. No. 5.)  On April 20, 2021, the Court held oral argument and Plaintiffs' counsel conceded that both process and service of process were improper.[2]  (Hr'g Tr. at 11:13–14, 12:21–13:4.)  Based on this concession and for the reasons discussed below, the Court will grant Defendants' motion and dismiss the complaint without prejudice.

---

[1] At oral argument, Plaintiffs' counsel admitted the caption of the petition mistakenly lists Apexco PPSI, LLC,  Lieven Gruwez, Bart Feys, and James Raymond as Plaintiffs.  (Hr'g Tr. at 2:20–3:6.)  If the Court were not dismissing the entire petition, we would strike the petition as to these Plaintiffs for failure to sign or have an attorney of record sign it, as required by Federal Rule of Civil Procedure 11.

[2] The Court understands that Plaintiffs' present counsel, Kyle Wu, only recently took over this case.  (*See* Doc. No. 7; Hr'g Tr. at 12:2–12.)  It appears Mr. Wu quickly assessed the insufficiency of service of process in this case and the Court commends his forthrightness on this issue.

I.

Taking the allegations in the petition as true, this case arises out of a business dispute between Mr. De Herdt and his former partners and co-owners of Apexco PPSI, LLC. (Doc. No. 1 at ¶ 35.) Mr. De Herdt loaned approximately $1.4 million to Apexco, and Mr. Grau and HRMML prepared documents securing that loan. (*Id.* at ¶¶ 20–22, 27–31.) When Apexco was unable to pay him back, Mr. De Herdt and a co-conspirator allegedly stole approximately $2.6 million worth of company assets. (*Id.* at ¶¶ 32–36.) On September 17, 2018, Apexco co-owner Lieven Gruwez sued Mr. De Herdt on Apexco's behalf in the Court of Common Pleas of Montgomery County, seeking to recover the allegedly stolen assets. (*Id.* at ¶¶ 35–36.) Sometime thereafter, Mr. De Herdt—a citizen and resident of France—filed a lawsuit in a French commercial court against Mr. Gruwez, Mr. Grau, HRMML, Apexco, and Apexco co-owner Bart Feys. (*Id.* at ¶ 38.) In that lawsuit, Mr. De Herdt alleges that Messrs. Gruwez, Grau, and Feys "tricked" him into investing in Apexco. (*Id.* at ¶ 39.)

Plaintiffs filed this action on December 18, 2019, seeking a declaration that Defendants' Apexco-related claims must be resolved pursuant to Pennsylvania law in Montgomery County, Pennsylvania or the Eastern District of Pennsylvania, and an injunction barring Defendants from pursuing their claims in the French action. (*Id.*) On February 28, 2020, Plaintiffs filed a certificate of service indicating that counsel mailed a copy of the petition and its attachments via United Parcel Service's Worldwide Express Service and Defendants received the mailing on December 27, 2019. (Doc. No. 3.)

II.

Federal Rule of Civil Procedure 4(c)(1) requires that a summons be served alongside the complaint; it is the plaintiff's responsibility to ensure that this happens. Fed. R. Civ. P. 4(c)(1).

Service of the summons is critical, because district courts may not exercise personal jurisdiction over a defendant absent "the issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which [the] defendant is required to appear and attend." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996). "The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case." *Id.* at 569. For this reason, if a plaintiff fails to obtain a proper summons and the defendant raises the issue, the court should dismiss the plaintiff's action under Rule 12(b)(2) for lack of personal jurisdiction. *Id.*

Here, although they argue that Plaintiffs' failure to obtain a summons deprives the Court of personal jurisdiction, Defendants move for dismissal for insufficient process pursuant to Rule 12(b)(4), rather than for lack of personal jurisdiction pursuant to Rule 12(b)(2). Fed. R. Civ. P. 12(b)(2), (4). Insufficient process is a "fairly rare" defense that "concerns the form of the process rather than the manner or method of its service." *Target Global Logistics Servs., Co. v. KVG, LLC*, No. 5:15-cv-04960, 2015 WL 8014752, at *5 (E.D. Pa. Dec. 3, 2015) (quoting 5B CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2004)).

Regardless of whether dismissal is sought under Rule 12(b)(2) or Rule 12(b)(4), this matter should be dismissed. The docket reflects that the Clerk of Court never issued a summons. This conclusion is supported by Plaintiffs' proof of service, which reports that "a true and correct copy of the *filed* Petition for Order Seeking Declaratory Relief, together with all supporting documents was served upon Defendants via United Parcel Service," but makes no mention of a summons. (Doc. No. 3 at p. 1.) And Plaintiffs' counsel conceded during oral argument that

Plaintiffs' service was defective as a summons was never obtained from the Clerk of Court.[3] (Hr'g Tr. at 11:12–14.)

For these reasons, this matter will be dismissed without prejudice due to insufficient process.[4]

### III.

In this case, process was deficient, depriving the Court of personal jurisdiction over Defendants. Service of process was also insufficient. Therefore, this matter will be dismissed without prejudice pursuant to Rules 12(b)(4) and 12(b)(5).

An appropriate order follows.

---

[3] In addition, Plaintiffs never responded to this argument in their opposition, so any argument to the contrary is now waived. *Market v. PNC Fin. Servs. Grp.*, 828 F. Supp. 2d 765, 773 (E.D. Pa. 2011) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant in regard to the contested issue.").

[4] In the alternative, even if process had been proper, this matter would be dismissed without prejudice for insufficient service of process given, among other things, Plaintiffs' counsel's concession at oral argument that service of process was deficient. (Hr'g Tr. at 12:21–13:4.)